UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Stanley M. Ferenc and  
Dynah N. Duncan-White,

        Debtors.  
_____/

Case No. 19-40109-PJS  
Chapter 13  
Hon. Phillip J. Shefferly

**CORRECTED OBJECTION TO
CONFIRMATION OF CHAPTER 13 PLAN**

     2000 Real Estate, LLC, d/b/a Remax Team 2000, objects to confirmation of Debtors' Chapter 13 Plan for the reason that it fails to comply with 11 U.S.C. §§ 1322 and 1325. In support of its objection, 2000 Real Estate, LLC states:

     1.    This case was filed on January 4, 2019, following dismissal, on November 4, 2018, of the Debtor's previous Chapter 13 (Case no. 15-55710).

     2.    Remax Team 2000 is a secured creditor under a mortgage note and mortgage given by the Debtors on their principal residence located at 2640 Raymond, Dearborn, Michigan. (Exhibit A, Mortgage and Note.)

     3.    Under the mortgage note dated October 25, 2012, the Debtors promised to pay Remax Team 2000 $55,000 in installments of $500 per month, with a balloon payment due at the end of five years (December 2017). No interest was charged on the loan. The Debtors also agreed to pay the property taxes in installments of at least $200 per month.

4. As collateral for the mortgage note, the Debtors gave a mortgage on the Raymond property to Remax Team 2000. The mortgage, dated October 25, 2012, was recorded with the Wayne County Register of Deeds at liber 50239, page 612 on October 30, 2012.

5. The mortgage provides for late fees and payment of expenses for collecting the mortgage debt and for foreclosing on the mortgage, including reasonable attorney fees.

6. The Debtors' last (partial) mortgage payment was made in November 2018. As of the petition date, the principal balance owing on the Mortgage Note was $24,524.45, plus $9,952.50 in fees and costs. (POC # 10.)

7. The Debtors are indebted to the Wayne County Treasurer for unpaid 2015 and 2017 taxes on the Dearborn property (POC # 2). According to the Debtors' schedules, they are also behind on their 2018 taxes.

8. The Debtors' plan improperly proposes to pay Remax Team 2000 on a continuing basis with an arrears, despite the fact that the mortgage matured in December 2017.

9. The Debtors have yet to pay the last installment on the Chapter 13 filing fee, which is due March 5, 2019.

10. The Debtors' Schedule I shows the wife's net business income of $3,000 (an increase of $1,778 from the last Schedule I filed in the previous Chapter 13), but does not include a statement showing the business income and expenses.

11. In 2017, while their previous Chapter 13 was pending, the Debtors incurred $7,000 in income tax debt (doc. # 27, Scheduled E/F, 2.1).

12. On February 1, 2019, Remax Team 2000's attorney requested copies of the Debtors' tax returns as permitted by 11 U.S.C. § 521(e)(2). The Debtors have not supplied Remax Team 2000's attorney with any tax returns.

13. The Debtors will not be able to make all payments under the plan and comply with the plan.

14. On January 29, 2019, at a hearing on the Debtors' motion to extend the stay, the Court ordered the Debtors to pay the $5,500 refund from their previous Chapter 13 to the Chapter 13 Trustee in this case. To date, these funds have not been paid to the Trustee.

15. The Debtors' plan is underfunded.

WHEREFORE, Remax Team 2000 respectfully requests that this Court enter an order—

a.) denying confirmation of the Debtors' Chapter 13 plan;

b.) requiring the Debtors to immediately pay the $5,500 refund from their previous case to the Trustee (as previously ordered by the Court), with proof that

this payment was provided to the Trustee no later than one week before the original confirmation date of March 12, 2019:

    c.) clarifying that the $5,500 refund will not count towards the required plan payment and must be paid in addition to the required plan payment;

    d.) requiring the Debtors to be 100% current with plan payments on the Trustee records before the original or any subsequent or adjourned confirmation hearing dates;

    e.) reclassifying Remax Team 2000 as a Class 5.1 Claim to be paid $34,494.95 at 0% interest over 60 months, for a monthly payment of $574.92;

    f.) requiring the Debtors to immediately provide Remax Team 2000 with proof that the Dearborn property is fully insured against loss or damage and that Remax Team 2000 is listed as loss payee;

    g.) ordering that the failure to comply with any of these terms will result in a lifting of the automatic stay with respect to the property located at 2640 Raymond, Dearborn, Michigan; and

    h.) granting such other relief as the Court deems appropriate.

                                               Steinberg Shapiro & Clark

                                               /s/ Tracy M. Clark (P60262)
                                             Attorney for Remax Team 2000
                                             25925 Telegraph Rd., Suite 203
                                             Southfield, MI 48033
                                             (248) 352-4700
Date: February 21, 2019                clark@steinbergshapiro.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Stanley M. Ferenc and  Case No. 19-40109-PJS
Dynah N. Duncan-White,  Chapter 13
                                      Hon. Phillip J. Shefferly
                   Debtors.
_____/

## EXHIBIT LIST

| Exhibit | Description |
|---------|-------------|
| A | Mortgage and Note |

2012 OCT 30 AM 11:16



Bernard J. Youngblood
Wayne County Register of Deeds
October 30, 2012  11:14 AM
Inst: 2012422831  MTG  Pages:3
Liber:50239  Page:612

## MORTGAGE

**THIS MORTGAGE**, made October 25, 2012 Between: Stanley Ferenc and Dynah Naomi Juliette Duncan-White, husband and wife whose address is c/o 2640 Raymond, Dearborn, MI 48124 hereafter referred to as "The Mortgagor", and Remax Team 2000, whose address is 23676 Park Street, Dearborn, Michigan 48124 hereafter referred to as "The Mortgagee",

**WITNESSETH,** that the Mortgagor mortgages and warrants to the Mortgagee land situated in City of Dearborn, County of Wayne County, Michigan described as:
Lot 40, CARLYSLE GARDENS SUBDIVISION, as recorded in Liber 73, Page 37 of Plats, Wayne County Records.

Commonly known as: 2640 Raymond, Dearborn, MI, 48124
Tax ID No.: 32-820-926-416-027

Including any part of any street or alley adjacent to said premises, vacated or to be vacated, together with all and singular the buildings, hereditaments, appurtenances, privileges, rights and water rights, including (but not excluding any other fixtures which would ordinarily be construed as part of the realty), any and all storm sash, storm doors, storm vestibules, wire screens, wire doors, window shades, awnings, mantels and connecting iron or woodwork, grates, gas and electric fixtures, bathtubs, laundry and bathroom fixtures, oil burner and equipment, coal stoker, plumbing equipment, linoleum, furnaces, hot water heaters, incinerators, ventilators and all steam or hot water radiators and registers and the piping connected therewith, belonging to or used as a part of the building or buildings upon said premises at the time of the execution of this mortgage, or hereafter erected thereon, or which may be attached to said building or buildings or used as a part thereof at any time during the term of this mortgage, all of which are hereby deemed to be a part of this realty and secured by this mortgage, including as well all apparatus and fixtures of every description for watering, heating, ventilating and screening said premises and the rents income and profits thereof thereunto belonging or in anywise appertaining to secure the performance of the covenants hereinafter contained and the payment of the principal sum of $55,000.00, together with interest at the rate of 0 percent per annum from the date hereof upon the unpaid principal until fully paid, payable according to the terms of a certain promissory note bearing even date herewith, executed and delivered by said Mortgagor to said Mortgagee as follows:
Cashiers Check in the amount of $500.00 Monthly Principal Only For the term of 5 years (Balloon payment due at the end of 5 years, no prepayment penalty if paid off early.)
Monthly payment to begin December 1, 2012

An additional $200.00 per month in the form of a cashiers check made payable to the City of Dearborn toward property taxes. If said amount does not cover property taxes, the mortgagor (s) shall pay any difference to cover the remaining balance of taxes.

An additional $100.00 shall be assessed as a late fee if payment is not received by the 15th day of each month.

Mortgagor (s) shall be responsible for the homeowners insurance annually showing Remax Team 2000 as first lienholder and will provide proof each year.

If homeowners insurance is not paid in full annually Remax Team 2000 will provide homeowners insurance and will charge mortgagor(s) for policy

If mortgage is paid in full prior to the 5 year term, Mortgagee shall deduct $1,000.00 from principal balance each year from final payoff term.

**And the Mortgagor covenants with the Mortgagee, while this mortgage remains in force as follows:**

1. To pay said indebtedness and the interest thereof in the time and in the manner above provided.

2. To pay all taxes and assessments levied on the land within 30 days after the same become due and payable, and deliver the official receipts therefore to the Mortgagee.

3. To keep the buildings and equipment on the premises insured against loss or damage by fire for the benefit of, with loss payable to, and in manner and amount approved by, and deliver the policies as issued to the Mortgagee with the premiums therefore paid in full.

4. To abstain from the commission of waste on the mortgaged premises, and keep the buildings thereon and equipment in good repair, and promptly comply with all laws and ordinances, regulations and requirements of the Municipality or other government regulations affecting the mortgaged premises.

5. That if there be default in delivering any insurance policy or in the payment of any tax, assessment or taxes or insurance premiums and any amount so paid shall be added to said indebtedness and hereby secured and be payable to the Mortgagee forthwith with interest at the rate of seven percent per annum.

6. That the whole of said principal sum shall, at the option of the Mortgagee, become due and payable after default for more than 30 days, in the payment of any installment of principal or interest upon said indebtedness, or any tax, assessment or insurance premium, anything to the contrary herein or in said note notwithstanding.

7. That in the event of the passage of any law or regulation, State, Federal or Municipal, subsequent to the date hereof in any manner changing or modifying the laws now in force governing the taxation of mortgages, or debts secured by

LPB-35  7/97

mortgages, or the manner of collecting such taxes, the entire principal secured by this mortgage and all interest accrued thereon shall become due and payable forthwith, at the option of the Mortgagee.

8. That, in the event the ownership of the mortgaged premises, or any part thereof, become vested in a person other than the Mortgagor, the Mortgagee may deal with such successor or successors in interest with reference to this mortgage, and the debt hereby secured in the same manner as with the Mortgagor, without in any manner vitiating or discharging the Mortgagor's liability hereunder, or upon the debt hereby secured.

9. The power is hereby granted by the Mortgagor to the Mortgagee, if default is made in the payment of said indebtedness, interest, taxes or insurance premiums, or any part thereof at the time and in the manner herein agreed, to grant, bargain, sell, release and convey the premises, with the appurtenances at public auction and to execute and deliver to the purchaser or purchasers, at such sale, deeds of conveyance, good and sufficient at law, pursuant to the statute in such case made and provided, and out of the proceeds to retain all sums due hereon, the costs and charges of such sale, and the attorney fees provided by law, returning the surplus money, if any, to the mortgagor or Mortgagor's heirs and assigns, and such sale or a sale pursuant to a decree in chancery for the foreclosure hereof may, at the option of the Mortgagee, be made *en masse*.

10. Remedies on default. If a default occurs under this mortgage, the Mortgagee may, in addition to its other rights and remedies under this mortgage or any other loan documents or provided by law, take any of the following actions:

    a. The Mortgagee may declare the unpaid balance of the mortgage debt, accrued and unpaid interest, and all charges that the Mortgagor must pay to the Mortgagee under the loan documents immediately due and, at the Mortgagee's option,

        (1) file a suit for those amounts,

        (2) file a suit for any delinquent payment of the mortgage debt, or

        (3) take any steps and institute any other proceedings that the Mortgage thinks are necessary to enforce payment of the mortgage debt and performance of the other obligations under this mortgage and to protect the lien of this mortgage.

    b. The Mortgagee may commence foreclosure proceedings against the mortgaged premises through judicial proceedings or by advertisement, at the option of the Mortgagee; sell the mortgaged premises or cause them to be sold at a public sale; and convey the mortgaged premises to the purchaser, in accordance with Michigan statutes, in a single parcel or in several parcels at the option of the Mortgagee. The Mortgagee may apply the proceeds, in this order to

        (1) the expenses for collecting the mortgage debt and for foreclosing on the mortgage, including reasonable attorney fees as, permitted by law;

        (2) the Mortgagee's direct or indirect expenses for complying with the note for the mortgage debt, this mortgage, and the loan documents with interest as stated in these documents;

        (3) accrued and unpaid interest on the mortgage debt;

        (4) the unpaid principal of the mortgage debt; and

        (5) the Mortgagor unless a court of competent jurisdiction decrees otherwise.

    c. The Mortgagee may obtain updated abstracts and tax histories for the mortgaged premises, procure title insurance or title reports, or if necessary, obtain new abstracts and tax histories.

    d. The Mortgagee may obtain a receiver to manage the mortgaged premises and to collect the rent and income from them.

11. Notice and hearing on foreclosure. The Mortgagor waives all rights to a hearing before a sale in connection with any foreclosure of this mortgage by advertisement and all rights to notice requirements except as stated in the Michigan statute for foreclosure by advertisement.

12. Upon the request of the Mortgagor, the Mortgagee, as its option may hereafter at any time before full payment of this mortgage, make further advances to the Mortgagor and any such further advances with interest shall be secured by this mortgage and shall be evidenced by an additional note then to be given by the Mortgagor; the Mortgagor covenants and agrees to and with the Mortgagee to re pay such further advances made in accordance with the note then executed; that such further advances and each note evidencing the same shall be secured by this mortgage and that all the covenants and agreements in this mortgage contained shall apply to such further advances as well as to the original principal sum herein recited.

13.

The covenants herein shall bind and the benefits and advantages inure to the respective heirs, assigns and successors of the parties.

DATED October 25, 2012

_____
Stanley Ferenc

_____
Dynah Naomi Juliette Duncan-White

STATE OF     Michigan     )
                                                 )SS.
COUNTY OF    Wayne        )

The foregoing instrument was acknowledged before me on October 25, 2012, by Stanley Ferenc and Dynah Naomi Juliette Duncan-White, husband and wife

Notary Public          County, Michigan
Acting in      County
My commission expires:

SANDRA J. FRASIER
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 27 2018
ACTING IN COUNTY OF Wayne

File No. 3-617510
Drafted By and Return to:
Eddie Mallad
Remax Team 2000
23676 Park Street
Dearborn, Michigan 48124

# MORTGAGE NOTE

2640 Raymond, Dearborn, Michigan          October 25, 2012

For the value received the undersigned promise(s) to pay to the order of Remax Team 2000 the principal sum of 55,000.00 Dollars with interest from date hereof at the rate of -0- per cent per annum, while the mortgagor is not in default in making the payments herein provided, and if in default in making such payments for a period of thirty days, then at the rate of -0- per cent per annum from the time of such default until all sums in default are fully paid. Said principal and interest shall be paid by the undersigned in lawful money of the United States of America as follows:

Cashiers Check in the amount of $500.00 Monthly Principal Only For the term of 5 years (Balloon payment due at the end of 5 years, no prepayment penalty if paid off early.)
Monthly payment to begin December 1, 2012

An additional $200.00per month in the form of a cashiers check made payable to the City of Dearborn toward property taxes. If said amount does not cover property taxes, the mortgagor (s) shall pay any difference to cover the remaining balance of taxes.

An additional $100.00 shall be assessed as a late fee if payment is not received by the 15th day of each month.

Mortgagor (s) shall be responsible for the homeowners insurance annually showing Remax Team 2000 as first lienholder and will provide proof each year.

If homeowners insurance is not paid in full annually Remax Team 2000 will provide homeowners insurance and will charge mortgagor(s) for policy

If mortgage is paid in full prior to the 5 year term, Mortgagee shall deduct $1,000.00 from principal balance each year from final payoff term.

Both principal and interest of this note are payable at Remax Team 2000, 23676 Park, Dearborn, Michigan 48124

Should default be made in the payment of any installments of interest and/or principal due hereunder for a period of thirty days, then such default shall mature the entire indebtedness evidenced hereby, without notice, at the option of the holder thereof. Every person at any time liable for the payment of the debt evidenced hereby waives presentment for payment, demand and notice of non-payment of this note, and consents that the holder may extend the time of payment of any part or the whole of the debt at any time at the request of any other person liable.

This note is secured by a mortgage of even date herewith, made by the undersigned to the above payee, which mortgage covers real estate in the City of Dearborn, Michigan, described as:

Lot 40, CARLYSLE GARDENS SUBDIVISION, as recorded in Liber 73, Page 37 of Plats, Wayne County Records.

_____          _____
Stanley Ferenc                                              Dynah Naomi Juliette Duncan-White