UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Stanley M. Ferenc,
Dynah N. Duncan-White,

              DEBTORS.

_____/

CHAPTER 13
CASE NO. 19-40109-PJS
JUDGE PHILLIP J. SHEFFERLY

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1. Based upon the debtors' Schedule I, debtor's spouse discloses net income from the operation of a business in the amount of $1,222.00, however, the debtors have not attached a statement showing gross receipts, business expenses and total monthly net income as required by Line 8a of Schedule I. Accordingly, the Trustee requests the debtor make the appropriate amendments to correct these omissions so that the Trustee can determine whether the debtors' Plan complies with 11 U.S.C. Section 1325.

2. The debtors have failed to provide copies of the debtors' 2018 Federal Income Tax returns prior to the First Meeting of Creditors as required by 11 U.S.C. Section 521(e)(1)(2)(A). The Trustee therefore requests that the debtors produce the debtors' 2018 income tax returns no later than 14 days prior to the scheduled Confirmation Hearing in order for the Trustee to determine whether the debtors' Plan complies with 11 U.S.C. Section 1325(b), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(6).

3. As of March 7, 2019, the Trustee has not been served with a true copy of the debtors' Payment Order, nor a copy of an Electronic Transfer of Funds Payment Order, nor an Order excusing the requirement for the same, as required by E.D. Mich. L.B.R. 1007-1(c).

4. Class 5.2 of the debtors' Chapter 13 Plan fails to indicate whether the obligations owing to the City of Dearborn and the Wayne County Treasurer are to be "crammed" or modified. Accordingly, Trustee is unable to determine whether the debtors' Plan complies with 11 U.S.C. Section 1325.

5. Based upon the debtors' Schedule I, the debtors prorate the debtors' tax refund in the amount of $108.00 per month, however, based upon the debtors' 2017 tax return, the debtors had in excess of a $6,600.00 tax liability. Further, based upon the debtors' testimony at the First Meeting of Creditors, the inclusion of prorated tax refunds are in error. Accordingly, debtors' Plan may not feasible and may fail to comply with 11 U.S.C. Section 1325(a)(6).

6. Based upon creditor, 2000 Real Estate LLC's proof of claim, Pacer Claim No. 10-1 and based upon Creditor's Objections to Confirmation, the obligation owing to 2000 Real Estate

LLC was fully matured and due and owing at the time the debtors filed this Chapter 13 case. Accordingly, it appears this obligation is misclassified in Class 4 of the debtors' Chapter 13 Plan. Further, the required monthly payments to creditors proposed in debtor's Chapter 13 Plan exceed the monthly Plan payments proposed. Accordingly, debtors' Plan fails to comply with 11 U.S.C. Section 1325.

7. The Trustee is simultaneously filing objections to the debtors' claimed exemptions. To the extent that such objections are sustained, the debtors' Plan may fail to comply with 11 U.S.C. Section 1325(a)(4).

8. Based upon the debtor's testimony at the First Meeting of Creditors, the debtor has applied for Social Security disability, however, the debtor is in the process of pursing this claim and has retained an attorney. The Trustee therefore requests the debtor provide documentation regarding this claim as well seek Court approval for the retention of non-bankruptcy Counsel so that the Trustee can determine whether the debtors' Plan complies with 11 U.S.C. Section 1325.

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtors' Chapter 13 Plan unless modified to meet these objections.

OFFICE OF DAVID WM. RUSKIN, STANDING
CHAPTER 13 TRUSTEE

Dated: March 8, 2019

By: ___/s/ Lisa K. Mullen___
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
Attorneys for Chapter 13 Trustee,
David Wm. Ruskin
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN RE:**

Stanley M. Ferenc,
Dynah N. Duncan-White,

DEBTORS.
_____/

CHAPTER 13
CASE NO. 19-40109-PJS
JUDGE PHILLIP J. SHEFFERLY

**CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO**
**CONFIRMATION OF CHAPTER 13 PLAN**

I hereby certify that on March 8, 2019, I electronically filed the Trustee's Objections to Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

> BABUT LAW OFFICES PLLC
> 700 TOWNER STREET
> YPSILANTI, MI 48198-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

> Stanley M. Ferenc
> Dynah N. Duncan-White
> 2640 Raymond Drive
> Dearborn, MI 48124-0000

> _____/s/ Vanessa Wild___
> Vanessa Wild
> For the Office of David Wm. Ruskin
> Chapter 13 Standing Trustee - Detroit
> 1100 Travelers Tower
> 26555 Evergreen Road
> Southfield, MI 48076-4251
> (248) 352-7755